MARY ANGERSBACH, RELATOR, v. SOUTH RIVER POLICE PENSION COMMISSION, RESPONDENT.

Submitted October 4, 1938—Decided January 28, 1939.

Before Justices CASE, DONGES and PORTER.

For the relator, *Stanley S. Dickerson.*

For the respondent, *George L. Burton.*

The opinion of the court was delivered by

DONGES, J. Application is made for a writ of *mandamus* commanding the South River Police Pension Commission to grant to Mary Angersbach, widow of Charles Angersbach, a pension of $950 per year, for the benefit of herself and three children, from June 11th, 1938, the date of the death of said Charles Angersbach, then a policeman in the employ of the borough of South River.

It is stipulated that Angersbach was a policeman of the borough; that the borough adopted the provisions of the act providing for pensions; that Angersbach was in good standing in the fund at the time of his death; that application for a pension was duly made by relator and that it was refused.

The only points in controversy are as to whether Angersbach died by his own hand, and whether, if he did, the refusal of the commission was justified.

It is urged by respondent that all of the circumstances point to self-destruction. No one saw the act that produced death. The proofs are circumstantial. Presumptions favor innocent as against criminal conduct.

But, whether the death be accidental or suicidal, we conclude that the relator is entitled to judgment upon the proofs in this case.

The act, *R. S.* 43 :16-4, provides:

"The widow or children or sole dependent parent of any member of the police or fire department, who shall have paid into the fund the full amount of his annual assessment or contributions and shall have lost his life in the performance of his duty or died from causes other than injuries received in the performance of duty, shall receive a pension equal to one-half of the salary of the member at the time of his death, but not exceeding one thousand dollars. If there are a widow and children, the pension shall be paid to the widow for the use of herself and the children. * * *"

This statutory provision was construed in *Bederski* v. *Policemen's and Firemen's Board of the City of Newark,* 4 *N. J. Mis. R.* 637; *affirmed,* 104 *N. J. L.* 163, on the opinion of the Supreme Court. In that case Bederski, a policeman, lost his life while engaged in an unlawful undertaking. The court, speaking through Mr. Justice Katzenbach, said:

"The respondent contends that Bederski's widow is not entitled to a pension because Bederski met his death while engaged in an unlawful enterprise; but, assuming for the purpose of argument that he did meet his death while engaged in an unlawful act, we are unwilling to hold that his widow is for that reason deprived of the right to receive a pension from the fund created for this purpose. * * *

"It will be observed that a pension is given to the widow * * * of any member of the police department who has paid into the fund the full amount of his annual assessment or contribution, who shall have lost his life in the performance of his duty, or who shall die from causes other than injuries received in the performance of duty. Bederski died from causes other than injuries received in the performance of duty. The language of the statute plainly includes a case

like the one under consideration. It may be that the draftsman of the act, if he had foreseen a state of facts like the one herein presented, would have so drafted the act as to make it inoperative in the present case. But the act is not so drawn. Its language is plain. Notwithstanding Bederski may have been engaged in a criminal undertaking when he actually received the wound which caused his death, his widow is entitled to a pension."

It was further said:

"The statute under which Mrs. Bederski applies for a pension evinces a legislative intent to provide for the care and maintenance of members of the police and fire departments in case of disability, and for their widows, children and sole dependent parents in the event of death. To insure such benefits there is paid into the fund a certain percentage of their salaries. It is, in effect, protection by insurance. The act should be construed liberally to effectuate the legislative intent. It would, we think, be wrong to exclude a widow, innocent of any wrongdoing, from a pension which the act by its express provisions awards her where her husband dies from causes other than injuries received in the performance of his duty."

In the instant case, the right of relator is based upon a reasonable interpretation of the statute. Nothing is contained in the statute barring recovery in the event of self-destruction, not contemplated when the contractual obligation was created.

In *Sautter* v. *Imperial Order of Heptasophs,* 76 *N. J. L.* 763, the Court of Errors and Appeals held:

"In New Jersey there is no implied provision to be read into a contract of insurance that it will become void if the insured procure his own death. The law is to the contrary, for it is settled by this court that suicide is not a defense against a policy of insurance unless such policy so provides in express terms or be procured with the intent to commit suicide. *Campbell* v. *Supreme Conclave,* 37 *Vr.* 274."

A peremptory writ of *mandamus* directing payment of a pension to Mrs. Angersbach, pursuant to the provisions of the statute, is awarded.